UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| RUTH FARMER, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 3:10-cv-97-RLY-WGH |
| | ) | |
| COLUMBIA PROPERTIES | ) | |
| EVANSVILLE, LLC, | ) | |
|     Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Ruth Farmer ("Plaintiff"), brings the present negligence action against Columbia Properties Evansville, LLC ("Defendant"). Defendant now moves for summary judgment. For the reasons set forth below, the court **DENIES** Defendant's motion.

**I.    Background**

On January 21, 2010, Plaintiff was a guest at the Marriott Evansville Airport hotel ("Marriott"), which was owned by Defendant. At 9:30 a.m., Plaintiff left her hotel room on the third floor of the Marriott, and made her way toward the elevators. (Deposition of Plaintiff ("Plaintiff Dep.") at 46, 48). Plaintiff was pulling a rolling suitcase, and carrying her computer bag and purse. (*Id.* at 48). The third floor landing area, where the elevators were located, had recently been mopped by one of the Marriott's housekeepers, Eva

1

Galindo ("Galindo"). (Deposition of Eva Galindo ("Galindo Dep.") at 16-17).

Plaintiff entered the third floor landing area, and started walking toward an open elevator door and as she approached the elevator door, she suddenly fell, landing on her side. (Plaintiff Dep. at 51-52). Galindo heard Plaintiff fall, left the room she was inspecting, and found Plaintiff on the ground in the landing area. (Galindo Dep. at 15, 21). Plaintiff asked Galindo to call an ambulance. (*Id.* at 21; Plaintiff Dep. at 57). Galindo observed that the floor was a little wet in the area where Plaintiff had fallen. (Galindo Dep. at 23, 25).

Galindo called the front desk for assistance. (*Id.* at 21; Plaintiff Dep. at 58). Bettye Portune ("Portune"), the Marriott's General Manager, responded to Galindo's call, instructed someone to call 911, and arrived at the third floor landing area to assist Plaintiff. (Plaintiff Dep. at 58; Deposition of Bettye Portune ("Portune Dep.") at 18-19). Plaintiff was taken by ambulance to a local hospital where her injuries were treated. (Portune Dep. at 21).

## II.    Summary Judgment Standard

Summary judgment is appropriate when the record shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *see also Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). A fact is material if it "might affect the outcome of the suit under the

governing law . . . ," and an issue is genuine when "the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id*. at 248. The court construes all facts in the light most favorable to the non-moving party and draws all reasonable inferences in favor of the non-moving party. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003).

The burden is upon the movant to identify those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," if any, that the movant believes demonstrate an absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the movant has met this burden, the non-moving party may not rest upon mere allegations or denials in its pleadings, but "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

**III.    Discussion**

In order to prevail on a claim of negligence, a plaintiff must show: "(1) a duty owed to the plaintiff by defendant; (2) breach of that duty; and (3) compensable injury proximately caused by defendant's breach of duty." *Bell v. Grandview Coop., Inc.*, 950 N.E.2d 747, 749 (Ind. Ct. App. 2011) (citing *Kroger Co. v. Plonski*, 930 N.E.2d 1, 6 (Ind. 2010)). In a slip-and-fall case, summary judgment can be avoided so long as Plaintiff can demonstrate (1) there was a foreign substance or object on Defendant's floor which caused her to slip and fall, and (2) Defendant unreasonably failed to discover and remedy the hazardous condition. *Barsz v. Max Shapiro, Inc.*, 600 N.E.2d 151, 152-53 (Ind. Ct.

App. 1992). "Negligence will not be inferred; rather, all of the elements of a negligence action must be supported by specific facts designated to the trial court or reasonable inferences that might be drawn from those facts." *Kincade v. MAC Corp.*, 773 N.E.2d 909, 911 (Ind. Ct. App. 2002) (citing *Hayden v. Paragon Steakhouse*, 731 N.E.2d 456, 458 (Ind. Ct. App. 2000)). An inference solely based on speculation is not reasonable. *Id.* (citing *Hayden*, 731 N.E.2d at 458). Stated differently, "negligence cannot be inferred from the mere fact of an accident." *Wright Corp. v. Quack*, 526 N.E.2d 216, 218 (Ind. Ct. App. 1988) (citations omitted).

In her deposition, Plaintiff testifies that she "saw nothing" on the floor where she fell. (Plaintiff Dep. at 76). Relying on that testimony, Defendant argues that Plaintiff cannot show causation because she does not allege that her fall was caused by the presence of a foreign substance or object on the floor of the Marriott. *See Scott County Family YMCA, Inc. v. Hobbs*, 817 N.E.2d 603 (Ind. Ct. App. 2004) (finding summary judgment appropriate where the plaintiff testified that he did not see any water or defects on the floor where he slipped); *Hale v. Cmty. Hosp. of Indianapolis, Inc.*, 567 N.E.2d 842 (Ind. Ct. App. 1991) (affirming summary judgment where the plaintiff testified that she "felt" as though she stepped into a hole, but did not see a hole); *Quack*, 526 N.E.2d 216 (Ind. Ct. App. 1988) (finding summary judgment appropriate where the plaintiff testified that she did not know why she fell, and when a person, who was not present, speculated that she must have slipped on a wet spot); *Ogden v. Decatur Cnty. Hosp.*, 509 N.E.2d 901 (Ind. Ct. App. 1987) (affirming summary judgment where five witnesses testified that the

floor where the plaintiff slipped was not wet or slippery, and the maid testified that she had not mopped the floor that day).

However, Plaintiff's claim that she "saw nothing" on the floor where she fell is not fatal to her negligence claim. It is uncontested that Galindo mopped the floor shortly before Plaintiff entered the landing area, and left the area while the floor was still wet in some spots. (Galindo Dep. at 16-17). After hearing Plaintiff's fall, Galindo came to assist Plaintiff, and testified that the floor was still a little wet. (Galindo Dep. at 23-25). Moreover, Plaintiff testified that at the time of her fall, she was wearing shoes with a firm grip, and that Portune ordered Galindo to place a warning cone in the landing area immediately after her fall. (Plaintiff Dep. at 78-79, 80-81). This evidence, coupled with Galindo's testimony, is such that a reasonable jury could return a verdict for the Plaintiff. Accordingly, the court must **DENY** Defendant's motion.

### IV. Conclusion

Based on the aforementioned reasons, the court **DENIES** Defendant's motion for summary judgment (Docket # 24).

**SO ORDERED** this 16th day of November 2011.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies To:

Keith A. Gaston
CRUSER, MITCHELL & GASTON, LLC
kgaston@cmlawfirm.com

James Dustin Smith
CRUSER, MITCHELL & GATSON, LLC
jsmith@cmlawfirm.com

Daniel J. Tuley
ATTORNEY AT LAW
dan@tuleylaw.com

William E. Winingham
WILSON KEHOE & WININGHAM
winingham@wkw.com